■ MARIANN M. AMANN, Respondent, v KEY FOODS SUPER-MARKETS, INC., et al., Appellants and Third-Party Plaintiffs-Respondents. KRAFT, INC., Third-Party Defendant-Appellant. [601 NYS2d 920] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 7, 1991, which denied motions for summary judgment by third-party defendant and defendant to dismiss the third-party complaint and the complaint, unanimously affirmed, with costs.

Material issues of fact exist in this action to recover for personal injuries allegedly suffered by third-party defendant's sales representative as a result of having bent over a shopping cart to pick up a 50-pound box of cheese to be put on display in defendant and third-party plaintiff's supermarket. These include whether third-party defendant breached its duty to properly train and equip its employee, whether defendant failed to provide adequate and proper equipment and assistance to plaintiff in setting up the store display, and whether defendant violated Labor Law §§ 200 and 376.

Since a determination of liability in the third-party action will necessarily depend upon a finding of negligence, if any, on defendant's part, the IAS Court properly declined to dismiss the third-party complaint at this time (see, Corbett v Brown, 32 AD2d 27, 33). Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERTO CRESPO, Appellant. [602 NYS2d 13] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered July 31, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of 4 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, including *inter alia,* evidence that defendant was observed counting the prerecorded buy money and arrested a short distance away with the money in his pocket, we find that it was legally sufficient to support defendant's conviction for the sale of LSD to an undercover police officer on a theory of accomplice liability (see, People v Williams, 172 AD2d 448, affd 79 NY2d 803). Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.