■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RODRIGUEZ, Appellant. [616 NYS2d 792] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 3, 1991, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the cocaine found in his possession should have been suppressed on the ground that he was arrested without probable cause. When an arresting officer has acted on the basis of a radio transmission from a fellow officer who has personal knowledge of the facts transmitted, the reliability of the information conveyed may be presumed, and the People are not required to have the officer who sent the radio transmission testify at the suppression hearing (see, People v Brown, 184 AD2d 647). Moreover, in the present case, the arresting officer's testimony established the contents of the radio transmission and we are satisfied that he possessed probable cause to arrest the defendant.

Further, contrary to the defendant's contention, the trial court did not err in denying his motion to sever his trial from that of his codefendants (see, People v Mahboubian, 74 NY2d 174).

The defendant's contention that the evidence was legally insufficient to prove that he possessed the requisite mental culpability to support his conviction of criminal sale of a controlled substance in the second degree is without merit. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. When the undercover officer indicated that he wanted to see the cocaine, the codefendant handed a napkin to the defendant, who was standing behind a bar. The defendant motioned for the undercover officer to join him behind

the bar and then unwrapped the napkin and displayed a plastic bag containing the cocaine to the undercover officer. At the codefendant's direction, the undercover officer handed the buy money to the defendant, who counted it before passing it to the codefendant. Thus, the jury reasonably could have inferred from the evidence that the "defendant acted with the specific intent required for the substantive offense, i.e., knowledge that the substance was cocaine, and that he 'intentionally aided' the sale" *(People v Kaplan,* 76 NY2d 140, 147; *see also,* Penal Law § 20.00; *People v Clarke,* 195 AD2d 569).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Lawrence, J. P., O'Brien, Friedmann and Krausman, JJ., concur.