■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IDA L. THOMAS, Appellant. [785 NYS2d 585]—

Crew III, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 21, 2002, upon a verdict convicting defendant of the crimes of robbery in the first degree and grand larceny in the third degree.

Defendant was indicted and charged with robbery in the first degree and grand larceny in the third degree. Following a jury trial, defendant was convicted as charged and sentenced to concurrent prison terms of seven years for the robbery conviction and an indeterminate term of imprisonment of 2 to 6 years for the grand larceny conviction. Defendant now appeals.

Initially, defendant contends that the evidence presented at trial was legally insufficient to sustain the underlying convic-

tions. We disagree. In order for the trial evidence to be found legally sufficient, we must consider "whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact to find the elements of the crime to have been proven beyond a reasonable doubt" (*People v Wong,* 81 NY2d 600, 608 [1993]).

Turning first to defendant's contention that the evidence concerning her identification was legally insufficient, we note that defendant did not move for dismissal on that ground at the close of the People's case and, thus, has not preserved this issue for appellate review (*see People v Pinder,* 269 AD2d 547 [2000], *lv denied* 94 NY2d 951 [2000]). Nevertheless, were we to consider the issue, we would find defendant's contention unavailing. The record makes plain that the bank teller, who defendant threatened, provided a detailed description of defendant, including her gender, race, height, weight, age, facial features, clothing and accessories, which matched those of defendant, and testified that defendant "look[ed] like [the perpetrator]." Additionally, clothing found during a search of defendant's residence was consistent with that described by the teller as being worn by defendant on the day of the robbery. Finally, a partial palm print obtained from the customer convenience counter where defendant had been standing prior to approaching the teller matched defendant's left palm print. Quite clearly, that evidence could lead a rational trier of fact to find that defendant was the perpetrator of the alleged robbery.

We similarly reject defendant's contention that the evidence introduced at trial was legally insufficient to demonstrate that she displayed what appeared to be a pistol, revolver, rifle, shotgun, machine gun or other firearm (*see* Penal Law § 160.15). The case law makes plain that the People must demonstrate that defendant displayed something that could reasonably be perceived as a firearm and that the victim indeed perceived such display (*see People v Lopez,* 73 NY2d 214, 220 [1989]). It is not, however, necessary to establish that the victim actually observed a weapon (*see e.g. People v Avilla,* 234 AD2d 45 [1996]). Here, the bank teller testified that defendant put her hand inside her jacket and asked, "Do you want to die?" The teller described the object as being round and protruding up under defendant's jacket and stated that she thought it was a gun. That evidence clearly could lead a rational trier of fact to conclude that during the course of the robbery, defendant displayed what appeared to be a firearm.

Finally, upon weighing the relevant probative force of the testimony and the strength of the inferences that may be drawn

therefrom and according deference to the jury's opportunity to view the witnesses, we are of the opinion that the verdict is supported by the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Accordingly, the judgment of conviction is affirmed.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.