◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMAL I. GLADDEN, Also Known as CORY, Appellant. [798 NYS2d 219]—

Carpinello, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 16, 2004,

convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree as a result of allegations that he sold cocaine to an undercover police investigator. On appeal, he contends that County Court erroneously denied his motion to suppress the investigator's identification of him and relatedly argues that such error tainted his subsequent guilty plea. We are unpersuaded.

Upon our review of the testimony at the *Wade* hearing, as well as the photographic array utilized by the police in this matter, we are satisfied that defendant's motion to suppress was properly denied. Testimony at that hearing revealed that approximately three weeks after the investigator purchased cocaine from defendant in a well-lit apartment in the middle of the afternoon, she immediately identified him in a photo array. The investigator testified that she was face to face with defendant that afternoon and was able to clearly observe his facial features. Moreover, the photo array consisted of six males of comparable age and with similar skin tones, facial characteristics and hair styles. In sum, contrary to defendant's contention, the photo array was conducted according to proper police procedure and was not unduly suggestive (*see People v McDonald,* 306 AD2d 696, 697 [2003]; *People v Fulford,* 296 AD2d 661 [2002]).

Finally, we are also unpersuaded by defendant's contention that his sentence as a second felony offender to 7 to 14 years in prison is harsh and excessive. As part of the plea bargain in this case, the People agreed not to seek persistent felony offender status against him. Moreover, County Court stated on the record during sentencing that it had fully intended to impose the maximum sentence on defendant, but that it would accede to the People's recommendation of 7 to 14 years. Given these factors, as well as defendant's criminal history (*see People v Fulford, supra*), the record discloses no abuse of discretion in the sentence imposed and we decline to disturb it.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.