■ The People of the State of New York, Respondent, v Eric Daniels, Appellant. [805 NYS2d 485]—

Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 21, 2003 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the second degree.

Defendant was a passenger in a vehicle driven by Asheashea Wallace when Wallace effectuated a prearranged sale of cocaine

to an undercover police officer for a gun and $1,500 in cash; defendant's presence was unexpected. Immediately following the exchange, the police vehicle attempted to apprehend both defendant and Wallace but the two fled first in Wallace's vehicle and then by foot. A police chase ensued, resulting in their arrest. Following a suppression hearing, a jury found defendant guilty of criminal sale of a controlled substance in the second degree. Sentenced to a prison term of seven years to life, defendant appeals.

Upon defendant's challenge to the legal sufficiency of his conviction, we view " 'the evidence in the light most favorable to the prosecution' " (*People v Contes*, 60 NY2d 620, 621 [1983], quoting *Jackson v Virginia*, 443 US 307, 319 [1979]) to determine whether the evidence supported the finding that defendant, as an accomplice, "knowingly and unlawfully" (Penal Law § 220.41 [1]) sold cocaine to an undercover police officer. Under Penal Law § 20.00, a person may be found guilty under an accomplice theory when, "acting with the mental culpability required for the commission [of the crime], he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct."

Here, the People presented evidence, through the testimony of the police officers on the scene, that defendant was actively involved in the sale. He directed Wallace to drive the car around the block to conduct the sale, personally counted the buy money, verified the amount to Wallace, inspected the gun and expressed his satisfaction with the exchange. There was also testimony from police officers involved in the foot pursuit that defendant was holding the buy money until he abandoned it in the course of the chase; both the buy money and the gun were later recovered in the vicinity where defendant was seen to have dropped the money.

In our view, this evidence was sufficient to establish defendant's guilt under an accomplice theory beyond a reasonable doubt (*see People v Rodriguez*, 208 AD2d 570, 570 [1994], *lv denied* 84 NY2d 1015 [1994]; *People v Crespo*, 196 AD2d 759, 759 [1993]). While defendant contests the credibility of several witnesses, "issues of credibility and the weight to be accorded to the evidence . . . are primarily questions to be determined by the jury" (*People v Candelario*, 260 AD2d 391, 391 [1999]). Where, as here, the determination is fully supported by the record, we will not disturb it on appeal.

Next, defendant contends that there was no probable cause to support his arrest and, therefore, the evidence seized should have been precluded. We disagree. "[A] defendant's flight in re-

sponse to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929 [1994]). In order to determine if the evidence recovered from that police pursuit was obtained as a result of illegal police conduct, the question becomes one concerning whether there was a reasonable suspicion, not probable cause, for the pursuit (*see id.* at 929).* Here, police testimony that defendant was present in the car when the illegal transaction took place "furnished an objective, credible reason to approach defendant" (*id.* at 930). This knowledge, coupled with defendant's subsequent flight when approached by the police, "gave rise to [a] reasonable suspicion that [defendant] was committing or was about to commit a drug-related crime" (*id.*). With record evidence supporting the pursuit of defendant, the evidence seized as a result thereof cannot be said to have been precipitated by illegal police conduct. For these reasons, Supreme Court's denial of its suppression was proper (*see id.*).

Nor do we find the sentence harsh or excessive. For a modification in the interest of justice, it must be shown that there was either an abuse of discretion or other extraordinary circumstances (*see People v Gladden*, 20 AD3d 589, 590 [2005]; *People v Varlack*, 290 AD2d 647, 648 [2002], *lv denied* 97 NY2d 762 [2002]). Considering relevant sentencing factors, including defendant's prior conviction for drug possession, the imposition of a sentence of seven years to life, nearly the minimum sentence allowed (*see* Penal Law § 70.06 [3], [4]), was entirely proper.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* Although defendant's argument on appeal is that probable cause must be shown where the evidence was obtained as the result of an arrest, the evidence that defendant sought to suppress was not obtained as the result of the arrest, but was obtained during the police pursuit of defendant and Wallace.