■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CASIMEY, Appellant. [834 NYS2d 103]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered April 12, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The police received a detailed anonymous tip that a person who precisely matched defendant's description was selling drugs at a particular location, and they also spoke to a security guard at the scene, who stated that he had observed defendant exchanging objects for money. This was more than sufficient to support the hearing court's finding that the police had, at the very least, a founded suspicion of criminality, and were thus authorized to exercise their common-law right of inquiry (see People v Moore, 6 NY3d 496, 498 [2006]). The officers merely asked defendant to stop, which, standing alone, did not constitute a seizure (see People v Bora, 83 NY2d 531, 535-536 [1994]), and they did not go beyond the bounds of a common-law inquiry, which permits the police to ask whether the person being questioned is willing to consent to a search (see People v Hollman, 79 NY2d 181, 191-192 [1992]). The People established by clear and convincing evidence that defendant voluntarily consented to the search (see generally People v Gonzalez, 39 NY2d 122, 128-131 [1976]). We have considered and rejected defendant's remaining arguments. Concur—Andrias, J.P., Friedman, Marlow, Williams and Catterson, JJ.