■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAR MCDANIEL, Appellant. [863 NYS2d 210]—

Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered May 2, 2005, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, affirmed. Order, same court and Justice, entered on or about October 28, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility. The People proved beyond a reasonable doubt that defendant displayed what appeared to be a firearm (Penal Law § 160.15 [4]). As defense counsel's own pre-charge com-

ments make clear, the victim's demonstrations during her testimony established that defendant made an objective display that could reasonably be perceived as a firearm and that the victim actually perceived that display (*see People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Baskerville*, 60 NY2d 374, 381 [1983]).

Defendant's challenges to the prosecutor's summation and the court's failure to charge a lesser included offense are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

On the existing record, to the extent it permits review, we find that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel advanced a persuasive, though ultimately unsuccessful, defense of misidentification. Concur— Tom, J.P., Friedman and Buckley, JJ.

Saxe and Catterson, JJ., dissent in part in a memorandum by Catterson, J., as follows: I am compelled to dissent because I believe that for the first time, this Court is adopting a wholly subjective test to establish the elements of robbery in the first degree (Penal Law § 160.15 [4]) in derogation of the Court of Appeals' holdings in *People v Lopez* (73 NY2d 214 [1989]) and *People v Baskerville* (60 NY2d 374 [1983]).

Inexplicably, the majority contends that the People proved beyond a reasonable doubt that the defendant displayed what appeared to be a firearm. However, the record demonstrates that the defendant never displayed anything at all. The victim testified that the defendant held one hand at her neck, threatened to kill her if she did not give him her money (but said nothing about shooting her), and held his other hand "under the arm," apparently near his waist. Although the victim testified that she feared that the defendant had a gun in his coat and would use it, she did not explain the basis for that fear. Nor did she testify that the defendant even threatened to use a gun. Of course, the mere threat to use a firearm is insufficient to sustain a conviction; "it is the 'display' of what appears to be a firearm, and not the mere threat to use one, which is required." (*Lopez*, 73 NY2d at 221.)

While her testimony was unclear as to what the defendant was doing with the hand that was not holding her by the neck, she simply never testified that the defendant kept a hand under his coat or in a pocket, or that he otherwise gestured to the presence of a firearm. "Although the display element focuses on the fearful impression made on the victim, it is not primarily

subjective. The People must show that the defendant consciously displayed something that could reasonably be perceived as a firearm . . . and that the victim actually perceived the display." (*People v Lopez*, 73 NY2d at 220; *see also People v Baskerville*, 60 NY2d at 381; *People v Copeland*, 124 AD2d 669, 670 [1986], *lv denied* 69 NY2d 710 [1986].)

In *Lopez*, the defendant confronted the victim and announced that it was a "stickup." He then put his hand in his vest pocket as he demanded the victim's radio. The Court held that such action on the part of the defendant was sufficient: "[a]ll that is required is that the defendant, by his actions, consciously manifest the presence of an object to the victim in such a way that the victim reasonably perceives that the defendant has a gun." (73 NY2d at 222.)

By comparison, the victim in this case testified that the defendant demanded money, put one hand to her throat and the other hand "under the arm." This amounts to nothing more than a subjective impression that the defendant might have had a gun. There is no evidence of a conspicuous and conscious display of a weapon, or what appeared to the victim to be a weapon, by the defendant.

Accordingly, I would reduce the conviction to robbery in the third degree, and remand for resentencing.