■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN WALKER, Appellant. [864 NYS2d 422]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered October 10, 2006, convicting defendant, upon his plea of guilty, of two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The information in a police radio report, based on an anonymous 911 call reporting criminal behavior, combined with the officer's observation of the suspicious behavior of defendant, who matched the detailed description of one of the suspects at the location, provided the officer with, at least, a founded suspicion that criminality was afoot, permitting him to exercise the common-law right of inquiry (see People v Moore, 6 NY3d 496, 499-500 [2006]; People v Casimey, 39 AD3d 228 [2007], lv denied 8 NY3d 983 [2007]). Since the officer was justified in engaging in a level two inquiry that would have permitted him to ask accusatory questions, he was similarly justified in asking defendant for additional identification when the identity card defendant initially produced from his wallet did not include an address. We note that a valid address would have been important had it become necessary to locate defendant for further investigation. The request for further identification was a continuation of the lawful common-law inquiry, and there is no merit to defendant's suggestion that the encounter had become a level-three seizure.

After the officer requested additional identification, defendant pulled out a second wallet, looked inside, and then quickly put it away. This conduct heightened the officer's suspicion and

provided further justification for the officer's request to examine the wallet, which defendant voluntarily turned over, leading to the discovery of stolen credit cards. Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.