(January 11, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WELSH, Appellant. [914 NYS2d 148]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 4, 2009, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of seven years, unanimously affirmed.

We reject defendant's contention that the evidence failed to establish that his conduct manifested the presence of a firearm. The requirement of Penal Law § 160.15 (4), that defendant "[d]isplay[ ] what appears to be a . . . firearm," was satisfied by the testimony describing the position taken by defendant, combined with words spoken by him.

The complainant was working, alone, behind the counter of a pizzeria when defendant walked up to the counter. The complainant testified that defendant first demanded, "Give me all the fucking money," and that after that, "he said that he had a gun. He was going to shoot me in the face," causing the complainant to say "all right," open the cash register, and throw the cash on the counter. The complainant testified that while defendant gesticulated with his right hand, he kept his left arm rigidly in one position, with the elbow bent, so that his left hand would be situated near his waist. While both his waist and his hand were hidden from the complainant by the counter and the soda display on it, the People argued, and the jury could reasonably have found, that by his posture and the manner in which he had situated himself, defendant had purposefully created the impression that his left hand was on or near a gun at his waist.

Although Penal Law § 160.15 (4) defines the crime as *"[d]isplay[ing]* what appears to be a . . . firearm" (emphasis added), case law makes clear that the victim of the robbery need not actually see the firearm, or even its outline or bulk. The Court of Appeals has explained that "the display requirement has been construed broadly to cover a wide range of actions which might reasonably create the impression in the mind of the victim that the robber is armed with a firearm" (*People v Lopez*, 73 NY2d 214, 220-221 [1989]). There must be a showing that the defendant "consciously displayed something that could reasonably be perceived as a firearm . . . and that the victim actually perceived the display" (*id.* at 220). Thus, the firearm apparently being displayed may be "held inside a coat *or otherwise obscured,"* and "even a hand consciously concealed in clothing may suffice" (*id.* [emphasis added]).

Following *Lopez*, this Court has recognized that to establish the display element it is sufficient that the victim hears the defendant say that he or she has a gun, and sees *some gesture by the defendant indicating* that the gun of which he spoke is at hand, albeit secreted or obscured; those actions by the defendant have been characterized as "manifesting" the firearm's presence. For instance, in *People v Clarke* (265 AD2d 170 [1999], *lv denied* 94 NY2d 821 [1999]), as defendant's companion snatched a necklace from the victim, he yelled to the defendant, "get the gun," and the victim saw the defendant reach into his waistband in response. By this combination of words and actions the defendant was found to have "manifest[ed]" that he had an gun in his waistband. In *People v Avilla* (234 AD2d 45 [1996]), the defendant told the victim, "I have a gun and I'm gonna blast you," then reached into his jacket pocket and rummaged around. In neither case did the victim actually see the weapon displayed, or even see its outline or a bulge; rather, the presence of the weapon was *"manifested"* by the defendant's physical gestures.

The showing here that defendant's hand was obscured behind the counter display, so that the complainant could not see whether defendant was simulating a firearm or was simply placing his left hand at his waist or on the shoulder bag hanging down his left side, does not preclude a finding that defendant manifested the presence of a gun. When a person places his hand inside his coat, an observer cannot tell if the person is placing his hand on some other innocuous item or on a gun; the critical point is whether the words spoken *and the actions taken* "reasonably create the impression in the mind of the victim that the robber is armed with a firearm" (*Lopez*, 73 NY2d at 220-221). Defendant's hiding his hand from view behind the counter display is no different from sliding it into the inside of a jacket; it is the implication that the hand is reaching for the already mentioned gun, not the sight of the weapon itself, or the hand, that matters. Nor is the motion of the hand critical; it may be *the motion* or it may be the placement of the hand that gives the victim the impression that the robber has a firearm. Notably, this Court has affirmed a conviction for robbery in the first degree under Penal Law § 160.15 (4) where there was even less evidence than in this case that the defendant consciously created an impression of what could reasonably be—and was— perceived as a firearm (*see People v McDaniel*, 54 AD3d 577 [2008], *affd* 13 NY3d 751 [2009]). There, the "display" of a weapon was established only by the testimony that the defendant held one hand at the complainant's neck and the other " 'under the arm,' apparently near his waist"; there was not

even an indication that the defendant explicitly stated that he had a gun (54 AD3d at 578 [Catterson, J., dissenting]).

Here, the jury necessarily found that the manner in which defendant positioned himself was calculated to make it appear that his left hand was reaching toward a concealed gun, and that this positioning served to indicate to his victim that the gun he had referred to in his verbal threat was within reach of his hidden left hand. This finding was sufficiently supported by the testimony. Nor was the verdict against the weight of the evidence.

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.