■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
TERRENCE ALLEN, Also Known as TONY GREEN, Appellant. [928
NYS2d 40]—

Defendant was charged with first-degree robbery under a theory of displaying what appeared to be a firearm. He asserted the affirmative defense that the object displayed was not actually a loaded, operable firearm (Penal Law § 160.15 [4]). In convicting defendant of first-degree robbery with regard to one of his victims, the jury determined that defendant failed to establish the affirmative defense. We find no merit to defendant's contention that this determination was against the weight of the evidence.

Defendant and a companion were observed hanging around a restaurant, drinking whiskey and behaving in a disorderly manner. They engaged in conversation with two persons, whom they ultimately robbed. One of the victims had heard defendant make threatening statements, including that "somebody could get shot" and that he was going to "get somebody." During the robbery, defendant placed his hand under his sweatshirt, leading the victims to believe that defendant had a weapon. At one point, defendant even threatened to "blast" one of the victims. However, neither victim actually saw any part of a firearm.

When one of the victims went to seek assistance, defendant and his companion remained at the scene, where they continued to converse with the second victim. A woman who appeared to be acquainted with both the victim and defendant intervened and eventually convinced defendant to return almost all of the property he had taken from the two victims.

Defendant then crossed the street, met some other men, and remained out of sight for a few minutes. After defendant returned and resumed his conversation with the second victim, the first victim arrived with the police, who frisked a large group of men, including defendant. No weapons were recovered.

We find that the preponderance of the evidence fails to rebut the jury's conclusion that defendant was armed. While nothing resembling a firearm was actually viewed and no one observed defendant attempt to dispose of any object, the statute is satisfied by the conscious display of something that, although

obscured or hidden within a garment, is witnessed by the victim—by sight, touch or sound—and the victim perceives this display as a threat with a firearm (*People v Baskerville*, 60 NY2d 374, 381 [1983]; *People v McDaniel*, 54 AD3d 577, 577-578 [2008], *affd* 13 NY3d 751 [2009]). Moreover, defendant had ample opportunity to rid himself of a firearm while, after crossing the street, he was unobserved for several minutes. Defendant had reason to dispose of the firearm because he was aware that the first victim had left and would most likely return with the police to assist his friend.

Defendant's contention that the verdict was against the weight of the evidence with regard to the element of intent to permanently deprive another person of property is likewise without merit. Defendant had the requisite intent at the time of the taking, regardless of whether he subsequently changed his mind.

The court properly denied defendant's request for an intoxication instruction. The evidence, viewed most favorably to defendant, was insufficient for a reasonable person to entertain a doubt as to the element of intent on the basis of intoxication (*see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Rodriguez*, 76 NY2d 918, 920 [1990]).

Defendant did not preserve his challenges to the prosecutor's remarks on summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Saxe, Catterson, Moskowitz and Manzanet-Daniels, JJ.