■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. BOLAND, Appellant. [931 NYS2d 791]—

Rose, J.P.

Defendant was charged by indictment with burglary in the first degree, robbery in the first degree and burglary in the second degree. After a jury trial, defendant was convicted of the lesser included offense of robbery in the second degree and thereafter sentenced to nine years in prison followed by five

---

years postrelease supervision. Defendant now appeals, contending initially that the evidence against him should have been suppressed because the police command for him to stop upon their first encounter as he and a companion were descending the back stairs of an apartment building constituted a seizure and was not supported by reasonable suspicion.

Under the circumstances here, we cannot agree that defendant was seized when the police directed him to stop. The police responded to a possible trespass or burglary complaint received via 911 and, upon arrival at the building, learned from one of the residents that two black males were in his apartment uninvited. As two officers ascended the back stairs to the apartment, they encountered two black males descending the stairs. Defendant and his companion immediately turned around and ran back up the stairs. As they began to run, the officers yelled at them to stop. Instead, defendant and his companion kept running, jumped through a window onto the roof of the garage and then to the ground. Considering these circumstances, the command that defendant stop as he began to run away did not interrupt the liberty of his movement and, thus, it did not constitute a seizure (*see People v Bora*, 83 NY2d 531, 535 [1994]; *People v Casimey*, 39 AD3d 228 [2007], *lv denied* 8 NY3d 983 [2007]).

Nor did County Court err by concluding that the show-up identifications made after defendant's eventual detention were confirmatory. Where a witness is sufficiently familiar with the defendant such that there is little or no risk that police suggestion may have led to misidentification, the identification is merely confirmatory and the requirements of CPL 710.30 do not apply (*see People v Rodriguez*, 79 NY2d 445, 450 [1992]; *People v Sanchez*, 75 AD3d 911, 912 [2010], *lv denied* 15 NY3d 895 [2010]). Here, the testimony at the *Rodriguez* hearing established that the two residents of the apartment who identified defendant both met him 48 hours prior to the incident when defendant came to a party at the residence. Both testified that they immediately recognized defendant as the same individual who had been at the party when, two days later, he returned to the apartment uninvited. Based on these circumstances, including the close temporal proximity between the initial meeting and the crime, defendant's introduction of himself to the witnesses at the party and the conversations between them, we find no basis to disturb County Court's determination that the identifications were confirmatory (*see People v Sanchez*, 75 AD3d at 912-913; *People v Laurey*, 163 AD2d 742, 743 [1990], *lv denied* 76 NY2d 941 [1990]).

We also reject defendant's contention that the evidence was legally insufficient to demonstrate that he displayed "what appears to be a pistol, revolver . . . or other firearm" while he was in the apartment (Penal Law § 160.10 [2] [b]). In order to satisfy this element of robbery in the second degree, the evidence must show that the defendant "displayed something that could reasonably be perceived as a firearm and that the victim indeed perceived such display" (*People v Thomas*, 12 AD3d 935, 936 [2004], *lv denied* 4 NY3d 749 [2004]; *see People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Micolo*, 30 AD3d 615, 616 [2006], *lv denied* 7 NY3d 815 [2006]). Here, the witnesses testified that defendant demanded a shotgun, threatened that things would get ugly if it were not given to him, said that he had a gun and reached into his pocket and pointed it in such a fashion that he appeared to have a gun. This testimony, viewed in a light most favorable to the People, established that defendant "conspicuously and consciously conveyed the impression that he was reaching for something which, under the circumstances, the victim[s] could reasonably conclude was a firearm" (*People v Lopez*, 73 NY2d at 222). We also conclude, upon our independent review of the evidence in a neutral light, considering the relative probative strength of conflicting testimony and with due regard for the jury's credibility assessments, that the verdict is not against the weight of the evidence (*see People v Tillman*, 57 AD3d 1021, 1024 [2008]; *People v Thomas*, 12 AD3d at 936-937).

Defendant's claims in his pro se brief that he was denied due process are not preserved for our review, as they were not raised before County Court (*see* CPL 470.05 [2]; *People v Lewis*, 83 AD3d 1206, 1209 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Guay*, 72 AD3d 1201, 1203 [2010], *lv granted* 15 NY3d 750 [2010]). Nor can we agree that his trial counsel afforded him less than meaningful representation, inasmuch as counsel made appropriate motions and objections, gave cogent opening and closing statements, pursued a viable strategy and, ultimately, obtained acquittals on five of the six counts submitted to the jury, including each count of the indictment (*see People v Newland*, 83 AD3d 1202, 1205 [2011], *lv denied* 17 NY3d 798 [2011]; *People v August*, 33 AD3d 1046, 1050 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Ortiz*, 16 AD3d 831, 834 [2005], *lv denied* 4 NY3d 889 [2005]). Finally, we reject defendant's contention that his sentence was harsh and excessive. Given his extensive criminal history and the nature of the present offense, we find no abuse of discretion or extraordinary circumstances warranting reduction of the sentence (*see* CPL 470.15 [6]; *People v Sanchez*, 75 AD3d at 914-915; *People v Daniels*, 24 AD3d 970, 972 [2005], *lv denied* 6 NY3d 811 [2006]).

Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.