Egan Jr., J.
Appeal from a judgment of the County Court of Broome County (Cawley, J), rendered February 22, 2011, upon a verdict convicting defendant of the crime of assault in the second degree.
On June 27, 2008, the victim left work at approximately 11:00 p.m. and, upon arriving home and discovering his daughter’s slumber party in progress, hopped on his Harley Davidson motorcycle and went for a ride — ultimately arriving at Matty B’s, a bar owned by defendant in the City of Binghamton, Broome County. The victim entered, stood at the bar and ordered a bottle of beer from defendant, the only bartender on duty that night. When the victim ordered a second beer and received what he believed to be insufficient change, he questioned defendant regarding the apparent discrepancy. According to the victim, defendant became defensive and abusive, grabbed *1166 the bottle of beer from the victim’s hand and struck the victim above his left eye. Briefly stunned, the victim — after observing defendant “barreling around [the] bar” and coming toward him — fled the bar, ran down the street and called 911. The victim thereafter was brought to a local hospital, where he received stitches for the laceration to his forehead.
As a result of this incident, defendant was indicted and charged with one count of assault in the second degree. Following a jury trial, defendant was convicted as charged and was sentenced to five years of probation, together with three months of working weekends at the local jail. Defendant now appeals contending, among other things, that he was denied the effective assistance of counsel.
We affirm. To the extent that defendant contends that trial counsel failed to conduct an adequate pretrial investigation to locate potential witnesses, defendant’s allegations in this regard involve matters outside the record and, as such, are more properly the subject of a CPL article 440 motion (see People v Bonelli, 41 AD3d 972, 973 [2007], lv denied 9 NY3d 921 [2007]).* As to the balance of defendant’s claim, we find it to be lacking in merit. “[S]o long as the evidence, the law, and thé circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation” (People v Muriel, 75 AD3d 908, 911 [2010] , lv denied 15 NY3d 922 [2010] [internal quotation marks and citations omitted]; see People v Young, 86 AD3d 796, 799 [2011] , lv denied 17 NY3d 905 [2011]), the defendant will be deemed to have received the effective assistance of counsel. Here, trial counsel engaged in appropriate pretrial motion practice (as evidenced by the transcript of the combined Sandoval and Huntley hearing), made cogent opening and closing statements, advanced a plausible — albeit ultimately unsuccessful — defense, vigorously cross-examined the People’s witnesses and made appropriate objections — including a motion for a mistrial (see People v Buchanan, 95 AD3d 1433, 1437 [2012]; People v Fulwood, 86 AD3d 809, 811 [2011], lv denied 17 NY3d 952 [2011]). Although defendant faults trial counsel for failing to renew the motion to dismiss at the close of the proof and neglecting to admit into evidence certain unspecified defense exhibits, these asserted errors — viewed in the context of *1167 counsel’s overall representation — do not rise to the level of ineffective assistance of counsel. Notably, <c[t]here can be no denial of effective assistance of trial counsel arising from counsel’s failure to make a motion or argument that has little or no chance of success” (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]).
Nor are we persuaded that County Court erred in redacting a portion of the ambulance report admitted into evidence— specifically, a statement allegedly made by the victim to ambulance personnel regarding the underlying incident. Although the ambulance report itself was admissible under the business records exception to the hearsay rule (see CPLR 4518 [a]; CPL 60.10; People v Ortega, 15 NY3d 610, 617 [2010]), the hearsay statement contained therein and allegedly made by the victim — detailing his actions after he was struck with the beer bottle — did not “relate to diagnosis, prognosis or treatment” (People v Ortega, 15 NY3d at 617 [internal quotation marks and citations omitted]; see People v Wright, 81 AD3d 1161, 1164 [2011], lv denied 17 NY3d 803 [2011]). Nor was the subject statement “helpful to an understanding of the medical . . . aspect[ ]” of the victim’s injury (People v Ortega, 15 NY3d at 617 [internal quotation marks and citations omitted]) or otherwise admissible as an exception to the hearsay rule. Accordingly, County Court properly redacted such statement from the report in question.
Finally, we cannot say that County Court erred in denying defendant’s motion for a mistrial based upon a comment made by the prosecutor during closing argument, wherein she insinuated that defendant closed the bar early on the morning of the incident and — arguably—called into question his motivation for doing so. Defense counsel promptly objected to the comment and moved for a mistrial; County Court denied that motion but sustained the objection and gave an appropriate curative instruction. Although defendant now contends that he should have been allowed to reopen his proof in response to this comment, defendant made no such request at the time and, all things considered, the prosecutor’s comment was not “so substantially prejudicial as to deprive defendant of a fair trial” (People v Newkirk, 75 AD3d 853, 857 [2010], lv denied 16 NY3d 834 [2011]; see generally People v Stephens, 2 AD3d 888, 890 [2003], lv denied 2 NY3d 746 [2004]; People v Howard, 213 AD2d 903, 904 [1995], lv denied 85 NY2d 974 [1995], 86 NY2d 795, 796 [1995]). Hence, County Court properly denied defendant’s motion. Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
*1168 Rose, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

 Although defendant’s CPL 330.30 motion to set aside the verdict, which is included in the record on appeal, admittedly speaks to the extent and nature of the underlying investigation, the record nonetheless is not sufficiently developed to permit resolution of this aspect of defendant’s ineffective assistance of counsel claim.