█ The People of the State of New York, Respondent, v Lionel Toye, Appellant. [967 NYS2d 210]—

Egan Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 16, 2011, upon a verdict convicting defendant of the crimes of robbery in the first degree and criminal possession of stolen property in the fifth degree.

On an evening in February 2010, defendant approached the victim as she waited for a friend outside of an apartment building in the City of Albany and demanded that she give him all of her money. When the victim did not immediately comply, defendant—with his hand in his pocket—said to the victim, "Give me your money now or I'm going to shoot you." The victim perceived a "bulky" object in defendant's pocket that, based upon its shape, she believed to be a pistol. Unwilling to "risk [her] life," the victim gave defendant $73 from her wallet. Defendant then fled the scene.

Shortly thereafter, the victim encountered two police officers and, in an effort to locate the perpetrator, the officers drove around the area with the victim in their patrol vehicle. Within 40 minutes of the robbery, the victim observed defendant on a nearby street and identified him as the individual who had robbed her, whereupon the officers took defendant into custody. As a result, defendant was indicted and charged with robbery in the first degree and criminal possession of stolen property in the fifth degree. Following a jury trial, defendant was convicted as charged and was sentenced, as a persistent violent felony offender, to a prison term of 25 years to life. This appeal ensued.

Defendant initially contends that the showup identification was unduly suggestive and, thus, should have been suppressed. We disagree. A showup identification is permissible so long as it was "reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Wicks*, 73 AD3d 1233, 1235 [2010], *lv denied* 15 NY3d 857 [2010] [internal quotation marks and citation omitted]; *see People v Diviesti*, 101 AD3d 1163, 1164 [2012], *lv denied* 20 NY3d 1097 [2013]; *People v Mathis*, 60 AD3d 1144, 1145-1146 [2009], *lv denied* 12 NY3d 927 [2009]). Here, the showup was conducted approximately 40 minutes after the robbery and only moments after the victim identified defendant as he stood near a bus stop located a few blocks away from the scene of the crime. Additionally, our review of the video of the showup fails to reflect that the procedures employed therein were "so unnecessarily suggestive as to create a substantial likelihood of misidentification" (*People v Mathis*, 60 AD3d at 1146 [internal quotation marks and citations omitted]). Accordingly, County Court properly denied defendant's motion to suppress (*see People v Rivera*, 101 AD3d 1478, 1479 [2012], *lv denied* 20 NY3d 1103 [2013]).

Defendant next contends that his conviction of robbery in the first degree was not supported by legally sufficient evidence and was against the weight of the evidence in that the victim neither perceived nor reasonably believed that defendant possessed a firearm at the time of the robbery. Insofar as is relevant here, "[a] person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or [she] . . . [d]isplays what appears to be a . . . firearm" (Penal Law § 160.15 [4]). Here, the victim testified that defendant approached her, demanded money and—with his hand in his pocket—threatened to shoot her if she did not comply. The

victim further testified that she observed a "bulky" item in defendant's pocket that was "shaped like" a pistol and, based upon defendant's threats to her, she believed this object to be a firearm. Viewed in the light most favorable to the People (*see People v Snyder*, 91 AD3d 1206, 1210 [2012], *lv denied* 19 NY3d 968 [2012], *cert denied* 568 US —, 133 S Ct 791 [2012]), the victim's testimony was sufficient to show that defendant "conspicuously and consciously conveyed the impression that he was reaching for something which, under the circumstances, the victim could reasonably conclude was a firearm" (*People v Lopez*, 73 NY2d 214, 222 [1989]; *see* Penal Law § 160.15 [4]; *People v Ford*, 11 NY3d 875, 878 [2008]; *People v Perez*, 93 AD3d 1032, 1035 [2012], *lv denied* 19 NY3d 1000 [2012]; *People v Boland*, 89 AD3d 1144, 1146 [2011], *lv denied* 18 NY3d 955 [2012]).

As for defendant's assertion that the verdict is against the weight of the evidence, we disagree. The victim identified defendant in court as the individual who robbed her and testified that defendant had taken $73 from her. After defendant was arrested, $73 was found in his wallet. Moreover, the victim's description of the perpetrator's clothing and appearance—including the fact that she could smell alcohol on his breath—was consistent with defendant's clothing and appearance at the time he was apprehended. Although defense counsel suggested an alternate explanation for the money found in defendant's wallet, and the video from the police patrol vehicle reflected some ambivalence on the part of the victim as to whether defendant actually possessed a gun, these issues were fully explored at trial, and any conflicts in the evidence presented a credibility issue for the jury to resolve (*see People v Moyer*, 75 AD3d 1004, 1006 [2010]; *People v Mitchell*, 57 AD3d 1308, 1309 [2008]). Thus, while a different verdict would not have been unreasonable, upon viewing the evidence in a neutral light and according appropriate deference to the jury's interpretation thereof, we find that the conviction of robbery in the first degree was not against the weight of the evidence (*see People v Boland*, 89 AD3d at 1146; *People v Allen*, 87 AD3d 450, 450-451 [2011], *lv denied* 17 NY3d 951 [2011]).*

Nor do we find merit to defendant's claim of ineffective assis-

---

* To the extent that defendant argues that his conviction should be reduced to robbery in the second degree, we note that defendant expressly declined to request a jury charge as to either the affirmative defense set forth in Penal Law § 160.15 (4) or the lesser included offense of robbery in the second degree. Accordingly, this issue is unpreserved for our review (*see People v Fulwood*, 86 AD3d 809, 811 [2011], *lv denied* 17 NY3d 952 [2011]; *People v Williams*, 15 AD3d 244, 245 [2005], *lv denied* 5 NY3d 771 [2005]; *People v Winslow*, 153

tance of counsel. Initially, to the extent that defendant cites deficiencies in counsel's performance relative to the grand jury proceeding or the initial plea offer tendered in this matter, these claims involve matters outside the record and, as such, are more properly the subject of a CPL article 440 motion (*see People v Bahr*, 96 AD3d 1165, 1166 [2012], *lv denied* 19 NY3d 1024 [2012]; *People v Moyer*, 75 AD3d at 1006). As to the balance of defendant's claim, a defendant will be deemed to have received the effective assistance of counsel "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Bahr*, 96 AD3d at 1166 [internal quotation marks and citations omitted]; *accord People v Battease*, 74 AD3d 1571, 1575 [2010], *lv denied* 15 NY3d 849 [2010]). Here, the record reveals that counsel presented a plausible defense, offered intelligent and articulate opening and closing statements, effectively cross-examined the People's witnesses and made appropriate objections. The record further reflects that counsel discussed the possibility of charging the jury with the affirmative defense set forth in Penal Law § 160.15 (4), as well as the lesser included offense of robbery in the second degree, and that defendant, in turn, declined to make requests to charge on those issues (*see* n, *supra*). Under these circumstances, we are satisfied that defendant received meaningful representation (*see People v McRobbie*, 97 AD3d 970, 972 [2012], *lv denied* 20 NY3d 934 [2012]; *People v Pinkney*, 90 AD3d 1313, 1317 [2011]; *People v Battease*, 74 AD3d at 1575-1576).

Finally, we are unpersuaded that defendant's sentence is harsh or excessive. In view of the serious nature of the crime and defendant's extensive criminal history, we find no abuse of discretion or extraordinary circumstances that would warrant disturbing the sentence imposed (*see People v Castellano*, 100 AD3d 1256, 1258 [2012], *lv denied* 20 NY3d 1096 [2013]; *People v Boland*, 89 AD3d at 1146).

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

AD2d 965, 968 [1989]), and we discern no circumstances that would warrant the exercise of our interest of justice jurisdiction.