People v Campos (2025 NY Slip Op 25096)

[*1]

People v Campos (Ulises)

2025 NY Slip Op 25096

Decided on April 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on April 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

571123/18

The People of the State of New York, Respondent,
against
Ulises Campos, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J., at suppression hearing; Ann D. Thompson, J., at trial and sentencing), rendered October 15, 2018, after a nonjury trial, convicting him of attempted criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J., at suppression hearing; Ann D. Thompson, J., at trial and sentencing), rendered October 15, 2018, affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Responding to a 911 call involving "harassment" inside a McDonald's restaurant, police arrived and observed the visibly upset restaurant manager arguing with defendant in front of the restaurant. The manager pointed and gestured toward defendant, who immediately moved away in a "sidestep backwards" manner, conspicuously seeking to distance himself, despite the officer asking defendant to stop because the officer "wanted to speak to him."
Under these circumstances, the police were "justified in conducting a level one inquiry by attempting to question defendant to clarify the situation, or in conducting a level two inquiry under the founded suspicion that defendant was involved in criminal activity" (People v Reyes, 69 AD3d 523, 526 [2010], lv denied 15 NY3d 863 [2010]; People v Walker, 55 AD3d 343 [2008], lv denied 11 NY3d 931 [2009]).
Contrary to defendant's contention, the words and actions of the officer "did not convey to defendant reason to believe that he had been ['seized' or] placed in custody" (People v Hernandez, 217 AD3d 460, 460 [2023], lv denied 41 NY3d 965 [2024]). The officer merely asked defendant to stop, which, standing alone, did not constitute a seizure (see People v Bora, 83 NY2d 531, 535-536 [1994]; People v Casimey, 39 AD3d 228, 228 [2007], lv denied 8 NY3d 983 [2007]), and did not interrupt the liberty of his movement (see People v Boland, 89 AD3d 1144, 1145 [2011], lv denied 18 NY3d 955 [2012]). 
As defendant kept moving back he slid next to a garbage can and dropped something inside, and continued moving away. Although the officer repeated "sir would you please stop," [*2]defendant ignored him and crossed the street, continually looking back at the officer following him. Police then recovered a knife with a serrated edge inside the garbage can. Contrary to defendant's contention, the knife dropped in the can was abandoned since he deliberately, not inadvertently, separated himself from it (see People v Marrero, 173 AD2d 244, 245 [1991], lv dismissed 78 NY2d 969 [1991]). Accordingly, defendant lost his right to object to the police retrieval of said knife (see People v Flynn, 15 AD3d 177, 178 [2005], lv denied 4 NY3d 853 [2005]; People v Thomas, 203 AD2d 96 [1994], lv denied 83 NY2d 972 [1994]).
The court properly admitted the nontestifying victim's statement to a police officer that defendant threatened him with a knife as an excited utterance (see generally People v Johnson, 1 NY3d 302 [2003]). The statement by the restaurant manager, made within minutes after he called the police, was clearly precipitated by an event that was startling and traumatic; and the victim, described by police as angry, excited and agitated, was still visibly upset (see People v Brown, 177 AD3d 409, 409-410 [2019], lv denied 34 NY3d 1126 [2020]; People v Johnson, 129 AD3d 486, 486 [2015], lv denied 26 NY3d 1089 [2015]).
In any event, any error in the admission of the statement was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 23, 2025