■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH GARRAND, Appellant.—Casey, J. Appeal from a judgment of the County Court of Franklin County (Garvey, J.), rendered July 11, 1984, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (three counts) and grand larceny in the third degree (three counts).

Defendant's conviction arises out of three separate incidents involving the passing of forged checks for cash or merchandise. Defendant raises a number of arguments for reversal on this appeal, none of which has any merit.

Several of defendant's arguments relate to the identification testimony of four witnesses. First, defendant claims that the *Wade* hearing (388 US 218) was procedurally defective because County Court accepted proof of the independent bases for in-court identifications before proof of the suggestive nature of the photographic arrays viewed by the witnesses was offered. Defendant failed to object to this procedure, and we fail to see any prejudice to defendant in the order of proof. Next, defendant claims that County Court erred in finding that the photographic procedures were not unduly suggestive. Our review of the record establishes that either the photographic procedures were not unduly suggestive or, as also found by County Court, there existed independent bases for the witnesses' in-court identifications.

Defendant also challenges the sufficiency of the proof. Viewed in the light most favorable to the People (*see, People v Bracey,* 41 NY2d 296, 302), the evidence establishes defendant's guilt beyond a reasonable doubt. There is proof that the

checks were stolen, that the signature of the drawer on the checks was forged, and that on three separate occasions defendant presented one of the forged checks and received cash or merchandise. This evidence, together with other proof, is sufficient to permit the jury to find that defendant possessed forged instruments and committed the larcenies, as charged.

Defendant also asserts error in County Court's charge to the jury. He argues that the court erred in failing to marshal the evidence on the issue of identification; however, he failed to preserve the issue for appeal by objecting. In any event, our reading of the charge convinces us that it adequately complied with the requirements of CPL 300.10. Defendant's claim of reversible error in County Court's purported failure to rule on an objection to the charge is, at best, frivolous.

Defendant was sentenced to indeterminate prison terms of 2 1/3 to 7 years on each of the criminal possession of a forged instrument convictions and 1 to 3 years on each of the grand larceny convictions. The sentence on the criminal possession count of indictment No. I-63-83 was to run consecutively to the criminal possession count of indictment No. I-62-83. All other sentences were to be served concurrently. Since we find no abuse of discretion in the sentence imposed by County Court, we reject defendant's claim that the sentence is harsh and excessive.

Judgment affirmed. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.