THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY L. GRUBBS, Appellant. [852 NYS2d 505]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 17, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant failed to preserve for our review his contention that Supreme Court erred in sentencing him as a second felony offender based on his conviction of a crime in Florida. In any event, that contention lacks merit. Penal Law § 70.06 (1) (a) provides in relevant part that a second felony offender is "a person . . . who stands convicted of a felony . . . after having previously been subjected to one or more predicate felony convictions" and, in determining whether a foreign crime is equivalent to a New York felony and thus constitutes a predicate felony conviction, "the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' " (People v Gonzalez, 61 NY2d 586, 589 [1984]). Here, defendant's presentence report indicated that in 1995 defendant was convicted in Florida of a third-degree felony that makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance" (Fla Stat Ann § 893.13 [1] [a]). "[G]uilty knowledge" is an element of that crime (Chicone v State, 684 So 2d 736, 738 [Fla 1996]). We thus conclude that the predicate Florida felony is the equivalent of two New York felonies, i.e., criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]).

Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support the conviction inasmuch as he did not renew his motion for a trial order of dismissal after he presented evidence (*see People v Lane*, 7 NY3d 888, 889 [2006]). In any event, that contention is without merit. The People presented the testimony of three police officers, each of whom witnessed a man matching defendant's description, complete an undercover drug transaction, and one of those officers positively identified defendant as the person who sold him cocaine. We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Although the marked "buy money" was not found in the possession of defendant when he was arrested a few minutes after the transaction, the jury was entitled to credit the testimony of the police officers, and "[g]reat deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*id.*; *see People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005]).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.