■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYMEL R. BOWMAN, Appellant. [912 NYS2d 344]—

McCarthy, J. Appeals (1) from a judgment of the County Court of Broome County (Smith, J.), rendered July 9, 2009, upon a verdict convicting defendant of the crimes of robbery in the second degree, criminal possession of a weapon in the second degree and assault in the third degree, and (2) from a judgment of said court, rendered July 9, 2009, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant and two codefendants encountered the victim on the street. After exchanging words with defendant, the victim pulled out a gun, then ran away. Defendant and the codefend-

ants chased the victim, beat him and took some of his personal property, including the gun, money, a cellular telephone and a jacket. At the conclusion of a jury trial, County Court accepted a partial verdict convicting defendant of robbery in the second degree, criminal possession of a weapon in the second degree and assault in the third degree; the jury could not reach a verdict on a second count of robbery in the second degree. The court then granted the People's motion to withdraw the remaining count.

In satisfaction of a separate two-count indictment, as well as the dismissal of other pending charges, defendant pleaded guilty to assault in the second degree. County Court imposed concurrent sentences on both indictments, as contemplated in the plea agreement. Defendant now appeals.

The conviction of robbery in the second degree was based upon legally sufficient evidence. Defendant contends that the evidence failed to prove his intent to steal property at the time that he was beating the victim, but instead was consistent with defendant beating the victim to get even with him for showing disrespect and defendant removing the property as an afterthought following the assault (*compare People v Mateo*, 13 AD3d 987, 987-988 [2004], *lv denied* 5 NY3d 883 [2005]). Contrary to that contention, an intent to get even could be applied both to the beating and the efforts to obtain the gun or other property from the victim, as both an assault and loss of property could humiliate him. The jury could also rely on defendant's own statements in a letter to his friend indicating that defendant chased the victim and beat him in an effort to obtain the gun. Considering the proof in a light most favorable to the People, the evidence was legally sufficient to support the conviction (*see People v Lane*, 241 AD2d 763, 763-764 [1997], *lv denied* 91 NY2d 875 [1997]).

County Court did not abuse its discretion by declining to submit to the jury the lesser included offense of petit larceny. If a trial court is authorized to submit a lesser included offense, the court must do so upon a party's request (*see* CPL 300.50 [2]). "A lesser included offense is authorized when (1) 'it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct' and (2) 'there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater' " (*People v Hernandez*, 42 AD3d 657, 658 [2007], quoting *People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *see* CPL 300.50 [1]). As for the first prong, petit larceny meets the definition of a lesser included offense of robbery in the second

degree (*see* CPL 1.20 [37]; *People v Gilliam*, 300 AD2d 701, 702 [2002], *lv denied* 99 NY2d 628 [2003]; *People v Smith*, 214 AD2d 971, 971 [1995], *lv denied* 86 NY2d 847 [1995]; *see also People v Green*, 5 NY3d 538, 545 [2005]). As for the second prong, we must determine whether any reasonable view of the evidence, considered in the light most favorable to the defendant, would permit a jury to acquit on the greater charge but still convict on the lesser one (*see People v Henderson*, 41 NY2d 233, 236 [1976]). The evidence here clearly demonstrated the use of force in connection with the taking of the victim's property. The victim testified to being beaten by defendant and his codefendants, emergency personnel testified regarding the victim's injuries and, in defendant's statement to police, as well as his letter to a friend, defendant admitted punching the victim several times and taking his property. Considering this forcible taking, no reasonable view of the evidence would support defendant's position that he committed petit larceny but not robbery (*see People v Gilliam*, 300 AD2d at 702-703; *People v Lane*, 241 AD2d at 765).

County Court did not err in accepting a partial verdict and granting the People's motion to withdraw the remaining count. When a deliberating jury informs the court that it has reached a verdict only as to some of the submitted counts, and there exists a reasonable possibility of agreement on any of the unresolved counts, the court "may either (1) order the jury to render a partial verdict and continue deliberating 'upon the remainder' of the counts submitted to the jury (CPL 310.70 [1] [b] [i]), or (2) '[r]efuse to accept a partial verdict' and order the jury to continue its deliberations 'upon the entire case' (CPL 310.70 [1] [b] [ii])" (*People v Rivera*, 15 NY3d 207, 211 [2010]). Here, County Court appropriately exercised its discretion and selected the first option (*see People v Harris*, 50 AD3d 1387, 1389 [2008]). The jury announced that it had found defendant guilty of one count of robbery in the second degree (being aided by another person actually present), criminal possession of a weapon in the second degree and assault in the third degree, but that it had not reached unanimity on the second count of robbery in the second degree (causing physical injury).

County Court could only reject the announced verdict of guilty on three counts if it was legally defective or repugnant (*see People v Rivera*, 15 NY3d at 211 n 2). Defendant contends that the verdict was repugnant because, by finding him guilty of the first robbery count, the jury concluded that he forcibly stole property from the victim (*see* Penal Law § 160.10 [1]), and by finding him guilty of assault, the jury found that defendant

caused the victim physical injury (*see* Penal Law § 120.00 [1]). Therefore, according to defendant, the jury must have determined that, in the course of forcibly stealing property, he caused physical injury to a nonparticipant in the crime (*see* Penal Law § 160.10 [2] [a]), yet it had irreconcilably not found him guilty of the second count of robbery. Had the jury actually acquitted defendant of the second robbery count, the verdict may, indeed, have been repugnant. Because the jury had not reached any ultimate conclusion on that count, however, defendant's argument that further deliberations would have resulted in a repugnant verdict is speculation (*see People v Rodriguez*, 52 AD3d 319 [2008], *lv denied* 11 NY3d 741, 742 [2008]). After accepting the partial verdict, the court then followed the statute by ordering the jury to continue deliberating on the remaining count (*see* CPL 310.70 [1] [b] [i]). The court did not abuse its discretion by discontinuing deliberations and dismissing the jury after granting the People's motion to withdraw that count, especially considering that defendant did not oppose the motion (*see People v Mendez*, 221 AD2d 162, 163 [1995], *lv denied* 87 NY2d 923 [1996]; *see also People v Hofaker*, 294 AD2d 612, 613 [2002], *lv denied* 98 NY2d 711 [2002]; *People v Stewart*, 210 AD2d 161, 162 [1994], *lv denied* 85 NY2d 980 [1995]).

Counsel asserts that there are no nonfrivolous issues to raise on the appeal from defendant's conviction based upon his guilty plea to assault in the second degree. Having reviewed the record, we agree and grant counsel's application to be relieved of his assignment on that appeal (*see People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment rendered July 9, 2009 after trial is affirmed. Ordered that the judgment rendered July 9, 2009 upon the plea of guilty is affirmed, and application to be relieved of assignment granted.