■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENON HENRY, Appellant. [917 NYS2d 399]—

Rose, J. Appeal from a judgment of the County Court of Washington County (McKeighen, J.), rendered January 14, 2009, upon a verdict convicting defendant of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and operating a vehicle without insurance.

After a jury trial, defendant was convicted of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and operating a vehicle without insurance. He now appeals, arguing that his counsel was ineffective.

In order to prevail, defendant must demonstrate the absence of strategic or other legitimate explanations for the alleged failures of counsel (*see People v Baker*, 14 NY3d 266, 270-271 [2010]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Heath*, 49 AD3d 970, 974 [2008], *lv denied* 10 NY3d 959 [2008]). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (*People v Benevento*, 91 NY2d 708, 712-713 [1998] [citation omitted]; *see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

Here, counsel requested and obtained a *Huntley* hearing, pursued the reasonable strategy that the People failed to establish either defendant's intoxication at the time of the accident or that he had been driving the vehicle involved in the unwitnessed accident and, by motion at the close of the People's case, obtained dismissal of five of the eight counts in the indictment. Defendant fails to demonstrate the absence of a strategy or other legitimate explanation in connection with his counsel's failure to call any witnesses or the limited number of objections at trial (*see People v Richards*, 78 AD3d 1221, 1225-1226 [2010]; *People v Watkins*, 49 AD3d 908, 910 [2008], *lv denied* 10 NY3d 965 [2008]). While counsel's cross-examination of the People's witnesses was limited, it highlighted inconsistencies and

furthered the strategy regarding the People's inability to establish operation or intoxication (*see People v Camerena*, 42 AD3d 814, 815 [2007], *lv denied* 9 NY3d 921 [2007]; *People v Murray*, 7 AD3d 828, 831 [2004], *lv denied* 3 NY3d 679 [2004]). As for defendant's claim that his counsel was biased against him, we find nothing in the record that supports this allegation. To the extent that defendant's claim is based on comments that his counsel made to the local press as a candidate for the office of District Attorney, they are outside the record and not properly before us (*see People v Sapienza*, 75 AD3d 768, 771 [2010]; *People v Burchard*, 20 AD3d 818, 820-821 [2005], *lv denied* 5 NY3d 851 [2005]). In any event, considering the totality of the circumstances, we conclude that defendant was afforded meaningful representation (*see People v Flores*, 84 NY2d 184, 188-189 [1994]; *People v Gilmore*, 72 AD3d 1191, 1194 [2010]; *People v Muller*, 57 AD3d 1113, 1114 [2008], *lv denied* 12 NY3d 761 [2009]).

Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.