THIRD DEPARTMENT, JUNE, 2011

(June 2, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIELLE NISSELBECK, Appellant. [923 NYS2d 801]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 23, 2009, upon a verdict convicting defendant of the crimes of assault in the second degree and obstructing governmental administration in the second degree.

In the early morning hours of February 1, 2009, defendant, some friends and her brothers—Jakeb Nisselbeck and codefendant Justin Nisselbeck—were celebrating her birthday on Lark Street in the City of Albany. Jakeb Nisselbeck had a physical altercation with an acquaintance of the group, which dispersed after police officers James Kittleman, Thomas Mahar and William Norris arrived on the scene. Shortly after 3:00 A.M., another fight broke out between the same individuals, and Norris and Mahar again responded. Mahar directed the group, all of whom were highly intoxicated, to go home.

James Hoffman, a friend of Jakeb Nisselbeck, became belligerent and put his hands on Mahar, who told Hoffman he was under arrest. When defendant—who was also admittedly intoxicated—allegedly attempted to prevent the arrest by pushing Mahar, Norris shoved defendant off to the side. Defendant claimed that Justin Nisselbeck then exited a bar and asked the officers what was happening, to which Norris responded by directing a homosexual slur at Justin and punching him in the face. In contrast, the officers asserted that Justin punched Norris in the face after Norris pushed defendant off Mahar, and Norris responded by punching Justin back.

At that point, Jakeb Nisselbeck tried to tackle Mahar and defendant allegedly began scratching at Norris's face. Several more punches were thrown before Norris, Mahar and additional officers subdued Hoffman and the Nisselbeck brothers, and an

employee of the bar restrained defendant. At Norris's request, Officer Gregory Mulligan approached defendant to arrest her. Defendant, who admitted that she was flailing and made contact with Mulligan, kicked him in the groin. Mulligan then allegedly punched defendant, brought her to the ground and arrested her as she screamed, cursed and kicked. Eventually, the entire group was handcuffed and placed into a van for transport to the police station for processing.

Defendant and Justin Nisselbeck were thereafter charged in an indictment with various crimes. Following a joint trial, Justin was acquitted, and defendant was found guilty of obstructing governmental administration in the second degree and assault in the second degree. She was subsequently sentenced to a conditional discharge for the conviction of obstructing governmental administration, and to four years in prison with two years of postrelease supervision for her conviction of assault in the second degree. Defendant appeals.

Initially, we reject defendant's argument that her conviction for assault in the second degree was against the weight of the evidence.[1] As charged herein, "[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a . . . police officer . . . from performing a lawful duty, . . . he or she causes physical injury to such . . . police officer" (Penal Law § 120.05 [3]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Defendant was charged in the third count of the indictment with assault in the second degree based upon her conduct in kicking Mulligan in the groin. She asserts that the People failed to establish that Mulligan sustained a physical injury. We disagree.

The "substantial pain" required by Penal Law § 10.00 (9) "is more than slight or trivial pain[, but p]ain need not . . . be severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). Relevant factors in assessing whether a physical injury was sustained include "the injury viewed objectively, the victim's subjective description of the injury and [his or] her pain, and whether the victim sought medical treatment" (*People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007]; *see People v Chiddick*, 8 NY3d at 447-448). Here, Mulligan

---

1. Although defendant failed to preserve her challenge to the legal sufficiency of the evidence, she may nonetheless raise her challenge to the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Nesbitt*, 69 AD3d 1109, 1110-1111 [2010], *lv denied* 14 NY3d 843 [2010]). Such review necessarily involves an evaluation of whether all elements of the charged crime were proven beyond a reasonable doubt at trial (*see People v Danielson*, 9 NY3d at 349).

described defendant kicking him in the groin with the force of "[s]omeone kicking a football for a field goal." He was observed to double over in pain, and described the pain as substantial, testifying repeatedly that "it just really hurt." He sought medical attention and was diagnosed with a scrotal contusion, which continued to cause him pain and discomfort for several days and made walking uncomfortable while he recuperated on his days off. Viewing the evidence in a neutral light and according deference to the jury's credibility determinations, it cannot be said that "the trier of fact has failed to give the evidence the weight it should be accorded" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks omitted]; *see People v Stearns*, 72 AD3d 1214, 1217 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Clark*, 51 AD3d 1050, 1051-1052 [2008], *lv denied* 10 NY3d 957 [2008]; *People v Palladino*, 47 AD3d 491, 491-492 [2008], *lv denied* 10 NY3d 843 [2008]; *see also People v Chiddick*, 8 NY3d at 447-448).

Nevertheless, we agree with defendant that her conviction of assault in the second degree must be reversed and the matter remitted for a new trial due to County Court's refusal to charge the lesser included offense of obstructing governmental administration in the second degree. A defendant is entitled to a lesser included offense charge upon request when (1) "it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct" and (2) "there [is] a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *accord People v Bowman*, 79 AD3d 1368, 1369 [2010], *lv denied* 16 NY3d 828 [2011]; *see* CPL 300.50 [1], [2]). The People concede that the first prong of the test is met (*see People v Sullivan*, 284 AD2d 917, 918 [2001], *lv denied* 96 NY2d 942 [2001]). Viewed in the light most favorable to defendant (*see People v Bowman*, 79 AD3d at 1370), we conclude that there is a reasonable view of the evidence to support a finding that defendant committed the lesser but not the greater offense.

The relevant distinction between the two offenses turns on whether defendant caused Mulligan physical injury (*compare* Penal Law § 195.05, *with* Penal Law § 120.05 [3]),[2] a question presenting an issue of fact for the jury to decide (*see People v Guidice*, 83 NY2d 630, 636 [1994]). We note that the record contains evidence that Mulligan responded to another call after

---

**2.** Obstructing governmental administration requires proof that the defendant "intentionally obstruct[ed or] impair[ed] . . . the administration of law . . . by means of . . . physical force" (Penal Law § 195.05).

the incident, did not seek medical attention until he was directed to do so, declined medication, indicated that his pain was subsiding by the time he was discharged from the hospital a few hours after the incident, and that his discomfort over the next several days was vague. Under these circumstances, the jury could have found that Mulligan did not sustain a physical injury and, thus, defendant was entitled to the requested charge down (*see People v Sullivan*, 284 AD2d at 918-919; *see also People v Van Norstrand*, 85 NY2d at 136; *People v Richard*, 30 AD3d 750, 753-754 [2006], *lv denied* 7 NY3d 869 [2006]; *cf. People v Bowman*, 79 AD3d at 1370). Accordingly, we remit this matter for a new trial on count three of the indictment.

Defendant's remaining argument has been rendered academic by our decision.

Spain, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of assault in the second degree under count three of the indictment and vacating the sentence imposed thereon; matter remitted to the County Court of Albany County for a new trial on said count; and, as so modified, affirmed.