■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREL WIMBERLY, Appellant. [927 NYS2d 229]—

McCarthy, J.

A department store's loss prevention officer observed defendant stuffing several pairs of socks down his pants. When the loss prevention officer followed defendant out of the store and confronted him, defendant pulled what appeared to be a handgun from his waistband and questioned why he was being stopped. The loss prevention officer backed away. He then called the police and directed them to defendant, who was attempting to get a ride from drivers in nearby parking lots. Upon arresting defendant, the police recovered a BB gun. Defendant was indicted on charges of robbery in the second degree and criminal possession of a weapon in the third degree. Following a trial where he was convicted of both counts, County Court sentenced defendant to a prison term of 10 years followed by three years of postrelease supervision on the robbery count and a concurrent prison term of 1 to 3 years on the weapon possession count. Defendant appeals.

Defendant's "challenge to the sufficiency of the evidence presented to the grand jury is precluded by his conviction on legally

sufficient evidence" (*People v Peryea*, 68 AD3d 1144, 1147 [2009], *lv denied* 14 NY3d 804 [2010]; *see* CPL 210.30 [6]). Having failed to challenge the sufficiency of the trial evidence, defendant may not now challenge the sufficiency of the evidence before the grand jury (*see People v Lumnah*, 81 AD3d 1175, 1177 [2011], *lv denied* 16 NY3d 897 [2011]). The People were not required to give an intoxication charge to the grand jury, as there was no evidence of intoxication presented in that forum and the People were not required to present evidence of any mitigating defense (*see People v Lancaster*, 69 NY2d 20, 30 [1986], *cert denied* 480 US 922 [1987]). Any error in the charge given to the grand jury was harmless, considering that proper charges were given to the trial jury (*see People v Peryea*, 68 AD3d at 1147). Due to defendant's failure to object to the amendment of the indictment shortly before trial, that issue is unpreserved for our review (*see People v Rivera*, 22 AD3d 888, 889 [2005], *lv denied* 6 NY3d 780 [2006]).

County Court did not abuse its discretion in ruling that the People could inquire about defendant's prior petit larceny conviction if he chose to testify. At the *Sandoval* hearing, the People sought permission to use 13 of defendant's 39 prior convictions. The court only permitted the People to use three of those convictions. This ruling struck an appropriate balance by considering the potential prejudice to defendant as well as the prosecution's right to impeach defendant with convictions that reflect his dishonesty or willingness to place his own interests above those of society (*see People v Stevens*, 65 AD3d 759, 762 [2009], *lv denied* 13 NY3d 839 [2009]; *People v Boodrow*, 42 AD3d 582, 584-585 [2007]).

County Court did not err in declining to permit defendant to proceed pro se. While defendants have the right to represent themselves, courts must assure that the waiver of the fundamental right to counsel is unequivocal, voluntary and intelligent (*see People v Gillian*, 8 NY3d 85, 88 [2006]). Rather than presenting an unequivocal request to represent himself, defendant made that request while expressing dissatisfaction with counsel (*see id.*). During the colloquy with the court, defendant stated that he had serious memory problems that prevented him from understanding events as they transpired and from recalling past events. Defendant's inability to comprehend and intelligently respond to the court's questions evinced his inability to fully understand the proceedings. Under the circumstances, the court reasonably denied defendant's request after concluding that defendant had not intelligently made the determination to proceed pro se (*see People v Thomas*, 73 AD3d 1223, 1224-1225 [2010], *lv dismissed* 15 NY3d 779 [2010]).

The verdict was not against the weight of the evidence. Defendant contends that, due to evidence of his intoxication, the People failed to prove his intent to steal property or consciously display what appeared to be a handgun. Defendant did not testify and presented no evidence at trial. The only references to his intoxication were his possession of a crack pipe at the time of his arrest, the testimony of the arresting officer that defendant appeared high and defendant's statements to police that he had a drug problem and needed help. There was no evidence that defendant actually consumed any drug or—if he did—the amount, time period or effect upon defendant of any such ingestion. The evidence from the store's loss prevention officer and the arresting police officer established that defendant took several pairs of socks without paying for them and, when he was confronted, displayed what appeared to be a handgun to avoid apprehension. We uphold the jury's determination of guilt because a different finding would have been unreasonable.

County Court properly instructed the jury. Because no reasonable view of the evidence would support defendant's theory that he did not consciously display the BB gun during his flight from the store, he was not entitled to a jury charge on petit larceny as a lesser included offense of the robbery count (*see People v Bowman*, 79 AD3d 1368, 1369-1370 [2010], *lv denied* 16 NY3d 828 [2011]). The court's intoxication charge was proper (*see* CJI2d[NY] Penal Law § 15.25); based upon the evidence presented at trial, defendant was not entitled to the additional language that he now suggests.

Defendant received the effective assistance of counsel. Defendant contends that counsel should have moved to suppress an on-scene identification by the loss prevention officer and physical evidence seized from defendant at the time of his arrest. Defendant cites, as counsel's additional shortcomings, the failure to secure a jury charge on the lesser included offense of petit larceny, to object to the amendment of the indictment, and to object to County Court's intoxication charge, limitation of the scope of voir dire and its *Sandoval* ruling. Counsel cannot be deemed ineffective for failing to make meritless motions, objections or arguments, as many of these would have been. As counsel had strategic or legitimate reasons for not pursuing the arguments defendant now raises, defendant has not shown that his counsel was ineffective (*see People v Baker*, 14 NY3d 266, 270-271 [2010]; *People v Henry*, 81 AD3d 1165, 1165 [2011]; *People v Evans*, 81 AD3d 1040, 1041 [2011]).

The sentence that County Court imposed was not harsh or excessive. Although defendant had never been convicted of a

felony before, the sheer volume of his prior convictions over an extended period of time, along with the potential for violence created by defendant's conduct of displaying what appeared to be a handgun in a busy commercial area, rendered the sentence appropriate (*see People v Wilson*, 78 AD3d 1213, 1217 [2010], *lv denied* 16 NY3d 747 [2011]; *People v Elliot*, 57 AD3d 1095, 1097 [2008], *lv denied* 12 NY3d 783 [2009]).

Defendants' remaining contentions have not been preserved for our review.

Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.