■ The People of the State of New York, Respondent, v Fernando Castellano, Appellant. [954 NYS2d 677]—

Garry, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered January 4, 2008, upon a verdict convicting defendant of the crime of robbery in the second degree (two counts).

In December 2006, a convenience store employee (hereinafter the victim) reported to the City of Rensselaer Police Department that the store had been robbed at gunpoint. Later that night, an officer of the Town of North Greenbush Police Department stopped a vehicle in the Town of North Greenbush, Rensselaer County for having illegally tinted windows. Defendant and codefendant Jorge Cardenas were passengers in the vehicle and, when it was discovered that they matched the victim's description of the robbery suspects, they were taken into custody by the Rensselaer Police Department. Defendant and Cardenas were each indicted on two counts of robbery in the second degree

and, after a joint jury trial, convicted as charged. Defendant was thereafter sentenced as a second felony offender to concurrent prison terms of 10 years on each count, to be followed by five years of postrelease supervision.* He now appeals.

For the reasons previously stated upon Cardenas' appeal, County Court did not err in refusing to suppress evidence found during an initial police search of the vehicle before it was towed from the scene (*People v Cardenas*, 79 AD3d 1258, 1260 [2010], *lv denied* 16 NY3d 857 [2011]; *see People v Johnson*, 1 NY3d 252, 256 [2003]; *People v Peters*, 49 AD3d 957, 958 [2008], *lv denied* 10 NY3d 938 [2008]). Next, for reasons similar to those set forth in Cardenas' appeal, we find that the court properly allowed the victim to identify defendant during the trial despite the People's concession that unduly suggestive procedures were used during a pretrial lineup (*People v Cardenas* 79 AD3d at 1260). The victim testified at the suppression hearing that he was able to see defendant's unmasked face clearly during the robbery while defendant stood near him in the brightly-lit store, and stated without equivocation that he recognized defendant from the robbery and not from the lineup. The People thus established by clear and convincing evidence that an independent basis existed for the in-court identification (*id.*; *see People v Richardson*, 9 AD3d 783, 786-787 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Jones*, 301 AD2d 678, 679-680 [2003], *lv denied* 99 NY2d 616 [2003]).

We reject defendant's contention that the jury's verdict was contrary to the weight of the evidence. During the trial, defendant and Cardenas denied that a robbery occurred and testified that they visited the store to collect payment for stolen cigarettes that they and a third passenger in the vehicle had sold to the victim earlier that day. They further testified that defendant did not enter the store, no gun was used and that they never saw a pellet gun that was found in the vehicle during the police search. Based on this testimony, an acquittal would not have been unreasonable; thus, we must weigh the probative force of the conflicting testimony and the strength of the inferences to be drawn therefrom (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Battease*, 74 AD3d 1571, 1575 [2010], *lv denied* 15 NY3d 849 [2010]). The victim, the third passenger and the driver testified that no transaction involving stolen cigarettes occurred and that defendant and Cardenas visited the store only once on the day of the robbery. The victim testified that after defendant and Cardenas entered the store,

---

* This Court affirmed Cardenas' judgment of conviction following his appeal (*People v Cardenas*, 79 AD3d 1258 [2010], *lv denied* 16 NY3d 857 [2011]).

defendant aimed a gun at the victim and ordered him not to move while Cardenas, wearing gloves, removed money from the cash register and cigarettes from a nearby rack. The driver and third passenger stated that defendant and Cardenas returned to the vehicle in a hurry, carrying cigarettes, and urged the driver to leave quickly. Police officers who searched the vehicle testified that, in addition to the pellet gun, they found gloves, cigarettes and other items consistent with the victim's account of the robbery. Viewing the evidence in a neutral light and according the appropriate deference to the jury's superior opportunity to resolve the credibility issues presented by the conflicting testimony, we find no reason to disturb the verdict (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Danford*, 88 AD3d 1064, 1066 [2011], *lv denied* 18 NY3d 882 [2012]; *People v Cardenas*, 79 AD3d at 1261; *People v Mitchell*, 57 AD3d 1308, 1309-1310 [2008]).

Finally, defendant's sentence was not harsh or excessive. In view of defendant's criminal history and the nature of the crime, we find no abuse of discretion or extraordinary circumstances warranting modification (*see People v Wimberly*, 86 AD3d 806, 808-809 [2011], *lv denied* 18 NY3d 863 [2011]; *People v Gorrell*, 63 AD3d 1381, 1381-1382 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Elliot*, 57 AD3d 1095, 1097-1098 [2008], *lv denied* 12 NY3d 783 [2009]).

Rose, J.P., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

