People v Glover (2018 NY Slip Op 02671)





People v Glover


2018 NY Slip Op 02671


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108126

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL A. GLOVER, Appellant.

Calendar Date: February 20, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Tracy Donovan-Laughlin, Oneonta, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephanie M. Milks of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 9, 2015, convicting defendant following a nonjury trial of the crimes of criminal possession of a forged instrument in the second degree and petit larceny.
Defendant was charged with criminal possession of a forged instrument in the second degree and petit larceny based on allegations that he knowingly deposited a forged check worth $990 into another person's bank account. After a bench trial, defendant was convicted as charged and sentenced to concurrent terms of 3 to 6 years in prison for the criminal possession conviction and one year in jail for the petit larceny conviction. He was also ordered to pay restitution. Defendant appeals and we affirm.
Defendant contends that the evidence was legally insufficient to establish the elements of intent and knowledge for the conviction of criminal possession of a forged instrument in the second degree. Defense counsel's motion for a trial order of dismissal was not "'specifically directed at the [element of intent]'" and, therefore, that issue is unpreserved (People v Green, 141 AD3d 1036, 1037 [2016], lv denied 28 NY3d 1072 [2016], quoting People v Gray, 86 NY2d 10, 19 [1995]). Defendant's contention with respect to the element of knowledge, while preserved, is unavailing.
When conducting a legal sufficiency analysis, "we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis [*2]of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Graham, 138 AD3d 1242, 1242 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 930 [2016]). As relevant here, "[a] person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he [or she] utters or possesses any forged instrument" (Penal Law § 170.25).
The evidence at trial revealed that defendant had access to the check during the time period in which it was stolen. Both the victim and the victim's boyfriend testified that defendant was left alone in the victim's vehicle with her purse and checkbook readily accessible. A rational person could conclude that, while alone in the vehicle, defendant rifled through the victim's purse and found her checkbook, as evidenced by testimony from the victim about an envelope that wound up outside of her purse and under the passenger seat. Moreover, the investigating police officer testified regarding a telephone conversation with defendant in which he confessed to stealing the check. Viewed in the light most favorable to the People, there was more than enough evidence for a rational person to conclude that defendant stole the check and, therefore, knew that the check was forged (compare People v Green, 53 NY2d 651, 652 [1981]). Thus, there was legally sufficient evidence that defendant committed the crime of criminal possession of a forged instrument in the second degree (see People v Hold, 101 AD3d 1692, 1693 [2012], lv denied 21 NY3d 1016 [2013]; People v Garrand, 112 AD2d 481, 481-482 [1985], lv denied 66 NY2d 919 [1985]).
Egan Jr., J.P., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.