■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CLARKE, Appellant. [697 NYS2d 247] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered October 22, 1997, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence that defendant participated in the robbery, while acting with another, and displayed what appeared to be a firearm (*see*, Penal Law § 160.10 [1], [2] [b]). Defendant's companion ripped a necklace from one complainant while defendant stood close by and reached to his waistband in direct reaction to the accomplice's directive to get the gun. Defendant, who drove the getaway vehicle, was also apprehended with his companion who was found in possession of the stolen necklace. The evidence clearly satisfied the "display" element of a robbery charge by showing "that the defendant, by his actions, consciously manifest[ed] the presence of an object to the victim in such a way that the victim reasonably perceive[d] that the defendant ha[d] a gun" (*People v Lopez*, 73 NY2d 214, 222; *see also, People v Guerriero*, 221 AD2d 560, 561, *lv denied* 87 NY2d 902).

The hearing court properly found that the People established by clear and convincing evidence that there was an independent source for the identification of defendant at trial. The witness in question observed defendant on three different occasions: once from an unobstructed view of four feet as he aided in the robbery; again from across the street as defendant entered the van; and again, only two to three minutes later when she saw him for 30 seconds after the police apprehended him and ordered him out of the van. The lighting was good and the witness particularly observed defendant's face, hair and clothing on two of those occasions (*see, People v Owens*, 74 NY2d 677, 678; *People v Santos*, 202 AD2d 258, *lv denied* 83 NY2d 1007) and was able to provide the police with a detailed description of the two robbers and the van. The total time during which the witness observed defendant during and after the robbery was sufficient to establish that her in-court identification of defendant was untainted by a subsequent single-photo identification that the court had found to be unduly suggestive.

We have considered and rejected defendant's remaining contentions. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Buckley, JJ.