■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG SMITH, Appellant. [12 NYS3d 96]—Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered February 6, 2014, convicting defendant, upon his plea of guilty, of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). Contrary to defendant's assertion, he received a full opportunity to advance, with the aid of counsel, any grounds he wished. Nevertheless, other than a request for further leniency, defendant's only identifiable ground for the motion was a conclusory claim of innocence that was refuted by his plea allocution. Defendant did not preserve his claim that the voluntariness of his plea was impaired by the court's allegedly erroneous in limine ruling on the admissibility of uncharged crimes evidence, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The record establishes that defendant's plea was knowing, intelligent and voluntary. Except for suppression rulings (*see* CPL 710.70 [2]), evidentiary claims are forfeited by a guilty plea (*People v Hansen*, 95 NY2d 227, 230-231 [2000]; *People v Taylor*, 65 NY2d 1, 5 [1985]). A defendant should not be permitted to circumvent that rule by asserting on appeal that a ruling "impacted" the decision to plead guilty or left "no choice" but to do so.

Defendant made a valid waiver of his right to appeal, which forecloses review of his sentencing-related claims. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Sweeny, Renwick, Saxe and Feinman, JJ.