■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RIVERA, Appellant. [18 NYS3d 36]—

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered April 25, 2013, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.

The court properly concluded that the People demonstrated, by clear and convincing evidence, an independent source for the victim's in-court identification notwithstanding a suppressed identification procedure (see Neil v Biggers, 409 US 188, 199-200 [1972]; People v Williams, 222 AD2d 149 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]). The victim testified that she was introduced to defendant as her sister's boyfriend or ex-boyfriend roughly two months before the incident in her sister's apartment, where she observed him for up to 20 minutes, that she saw him again a few weeks later for 10 to 15 minutes while he was seated next to her sister in his truck, and a third time later the same day as he and her sister drove by (see People v Clarke, 265 AD2d 170 [1st Dept 1999], lv denied 94 NY2d 821 [1999]).

The court providently exercised its discretion in admitting a 911 call made by the victim's other sister as an excited utterance. The 911 operator repeatedly told the declarant to calm down, stop crying, and not become hysterical, and gave her instructions to administer first aid to the victim while they awaited an ambulance, thus demonstrating that the declarant was still under the stress of excitement from the incident (see People v Edwards, 47 NY2d 493, 497 [1979]; People v Gantt, 48 AD3d 59, 64 [1st Dept 2007], lv denied 10 NY3d 765 [2008]).

The court also properly exercised its discretion in denying defendant's application for a mistrial or for replacement of certain jurors following an encounter between defendant and several jurors in a courthouse elevator. The court conducted thorough, individual inquiries of all jurors, and concluded that each of the jurors could remain fair and impartial and would not be influenced by the elevator incident (see People v Buford, 69 NY2d 290, 299 [1987]).

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence amply supports the conclusion that defendant intended to cause serious physical injury to the victim, and that he caused such injury.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.