■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG HUTTER, Appellant. [41 NYS3d 211]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 8, 2012, convicting defendant, upon his plea of guilty, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously affirmed. Order, same court (Ruth Pickholz, J.), entered on or about December 15, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

The record supports the suppression court's determination that, notwithstanding a suppressed lineup, the victim had an independent source for his identification of defendant (see *Neil v Biggers*, 409 US 188, 199-200 [1972]; *People v Williams*, 222 AD2d 149, 153 [1st Dept 1996], *lv denied* 88 NY2d 1072 [1996]). The victim had an ample opportunity to observe defendant under good lighting conditions, and he provided a detailed and accurate description. Moreover, he selected defendant from a

fair photo array, as well as from a fair lineup that was suppressed solely on right to counsel grounds.

The record establishes that defendant's plea was knowing, intelligent and voluntary. Defendant asserts that the voluntariness of his plea was impaired by the court's allegedly erroneous preliminary ruling on the admissibility of certain evidence. However, defendant's evidentiary argument was forfeited by his guilty plea, and he "should not be permitted to circumvent that rule by asserting on appeal that a ruling 'impacted' the decision to plead guilty or left 'no choice' but to do so" (*People v Smith*, 130 AD3d 411, 411 [1st Dept 2015], *lv denied* 26 NY3d 1043 [2015]). In any event, the court did not make a final ruling, and defendant has not shown that the evidence at issue, which tended to support an inference of witness-tampering by proxy (*see e.g. People v Jones*, 21 NY3d 449, 456 [2013]), was inadmissible to begin with. Furthermore, defendant received sufficient time to investigate this issue and decide whether to accept the plea, and no further time was requested. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.