People v Allen (2024 NY Slip Op 04616)

People v Allen

2024 NY Slip Op 04616

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Ind No. 3808/18 Appeal No. 2632 Case No. 2020-00233 

[*1]The People of the State of New York, Respondent,
v
Clemetin Allen, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered November 22, 2019, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to 2 to 4 years, unanimously affirmed.
The People presented clear and convincing evidence of an independent basis for an in-court identification of defendant by the witness, a store manager who greeted defendant before he took a tote bag from the store (People v Rivera, 132 AD3d 530 [1st Dept 2015], lv denied 27 NY3d 1074 [2016]). The witness's hearing testimony established that she was standing about 15 feet away from defendant when she greeted him in the entrance of the well-lit store, had an unobstructed view of defendant for two or three seconds, and remembered defendant's green sweater and the strong smell of popcorn he was carrying (see People v Williams, 222 AD2d 149, 153 [1st Dept 1996], lv denied 88 NY2d 1072 [1996]; Matter of Jason V., 171 AD2d 447 [1st Dept 1991]). Additionally, the witness identified defendant in a photo array, which, though not admitted at trial, was not unduly suggestive (see People v Hutter, 143 AD3d 574, 574-575 [1st Dept 2016], lv denied 27 NY3d 1125 [2016]; see also People v Rosales, 216 AD2d 162, 163 [1st Dept 1995], lv denied 86 NY2d 846 [1995]). In any event, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not reflected in or fully explained by the record, which may not be addressed on appeal in the absence of a CPL 440.10 motion (see People v Maffei, 35 NY3d 264, 269-270 [2020]). To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024